UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA M. M. MANLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CV-0108-CVE-PJC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner, Social ) | |
| Security Administration ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before this Court is the report and recommendation (Dkt. # 22) of Magistrate Judge Paul J. Cleary recommending that the Court affirm the decision of the Commissioner of the Social Security Administration denying plaintiff Social Security disability benefits. Plaintiff has filed an objection (Dkt. # 23) to the report and recommendation and seeks reversal of the Commissioner's decision, arguing that the Administrative Law Judge (ALJ) erred in his credibility assessment of plaintiff. Defendant responds that the magistrate judge's report and recommendation should be accepted because the ALJ committed no error in assessing plaintiff's credibility. Dkt. # 24.

**I.**

On May 25, 2010, plaintiff protectively filed for Title II disability benefits and Title XVI supplemental security income, alleging that she had been disabled as of May 21, 2010. Dkt. # 14-3, at 10. Plaintiff's applications stated that she suffered from various physical impairments that left her unable to work, including severe cardiac problems. Dkt. # 14-6, at 7. On July 14, 2011, plaintiff appeared at an administrative hearing before an ALJ. Dkt. # 14-3, at 10. On August 19, 2011, the ALJ entered a written decision finding plaintiff not disabled. Id. at 19. Plaintiff requested review

of the decision, and the Appeals Council granted plaintiff's request on September 18, 2012, vacated the ALJ's decision, and remanded the case to the ALJ for consideration of new and material evidence. Id. at 24-25. The new and material evidence included medical records related to plaintiff's aortic valve replacement surgery and two rotator cuff repair surgeries. Id. at 24. The ALJ held a second administrative hearing on July 11, 2013. Dkt. # 14-2, at 11.

Plaintiff appeared at the hearing via video conference and was represented by an attorney. Id. Plaintiff was 34 years old at the time of the first hearing and lived in a house with her husband and four children. Id. at 39-40. Plaintiff did not finish high school and had not earned her GED. Id. at 42. Plaintiff testified to a variety of physical and psychological complaints that left her unable to work, including heart palpitations, shortness of breath, continued shoulder pain post-surgery, anxiety, and depression. Id. at 80-85. For these ailments, plaintiff took a number of prescription medications. Id. at 85. Plaintiff explained that she experienced severe fatigue due to her ailments. Id. at 84. Plaintiff testified that she had trouble doing routine household tasks and explained that she relied on her children for most household chores. Id. at 82. Plaintiff stated that she had to remain indoors because heat exacerbated her symptoms. Id. Plaintiff testified that her ailments interfered with her ability to sleep, allowing her to sleep uninterrupted for one to two hours at a time. Id. at 86-87. Plaintiff stated that her medications for her ailments made her nauseated and stated that she frequently had diarrhea. Id. at 85.

On November 7, 2013, the ALJ issued a written decision finding the plaintiff not disabled. Id. at 22. The ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Id. at 13. The ALJ also found that the plaintiff had severe impairments affecting her ability to work, including aortic valve disease and hypertension. Id. The ALJ further found that

these impairments or combination of impairments were not equivalent to one of those listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. Id. at 14. The ALJ formulated plaintiff's residual functional capacity (RFC), taking into account the medical evidence and testimony. Id. The ALJ determined that plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), and could lift and/or carry up to 10 pounds frequently, could lift and/or carry up to 20 pounds occasionally, could stand/walk for 6 hours in an 8-hour workday, and could sit for 6 hours in an 8-hour workday. Id. The ALJ determined that plaintiff could not do any running, climbing of ladders, ropes, or scaffolding, and that she could occasionally kneel, bend or stoop, balance, crouch, crawl, and climb stairs. Id. The ALJ further determined that plaintiff was limited to occasional bilateral reaching above the shoulders, could not work at unprotected heights, and required an air-conditioned work environment. Id.

After summarizing the evidence used to formulate plaintiff's RFC, the ALJ stated that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." Id. at 20. The ALJ noted inconsistencies between plaintiff's statements regarding her symptoms and the objective medical evidence, specifically identifying the medical records that contradicted plaintiff's statements. Id. at 15-20. Considering plaintiff's RFC, the ALJ found that plaintiff was able to perform past relevant work as a convenience store clerk or a tour guide, provided that her work as a tour guide was performed in a controlled environment. Id. at 21. In the alternative, the ALJ found that plaintiff could perform other occupations existing in significant numbers in the national economy. Id. These occupations included bagger, inspector/hand packager, and small

products assembler II. Id. at 22.  The ALJ concluded by stating that plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and finding that plaintiff was not disabled.  Id.

On February 5, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's decision.  Id. at 2.  Plaintiff thereafter sought judicial review, arguing that the ALJ's credibility assessment of plaintiff was legally erroneous and not based on substantial evidence.  Dkt. # 15, at 1.  The Court referred this case to the magistrate judge, who entered a report and recommendation recommending that the Court affirm the ALJ's decision.  Dkt. # 22.  Plaintiff has objected to the report and recommendation, again asserting that the ALJ erred in assessing plaintiff's credibility. Dkt. # 23, at 1.  Defendant responds that the magistrate judge correctly assessed plaintiff's credibility and asserts that the ALJ's decision should be affirmed.  Dkt. # 24, at 1.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation.  However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999).  The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part.  FED. R. CIV. P. 72(b).

4

### III.

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five-step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id.* An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. *See id.* Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy. *See id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

The ALJ decided the case at step four of the analysis, concluding that plaintiff could perform past relevant work or, in the alternative, at step five of the analysis, concluding that plaintiff could perform other work existing in significant numbers in the national economy. Dkt. # 14-2, at 21. Having so decided, the ALJ found plaintiff not disabled and denied her claim for disability benefits. Id. at 22. The magistrate judge recommended that the ALJ's decision be affirmed, concluding that the ALJ committed no error in assessing plaintiff's credibility. Dkt. # 22, at 10. The magistrate judge determined that the ALJ's decision linked credibility findings to substantial evidence by extensively reviewing treating physician records and discussing the portions of the objective medical evidence that the ALJ believed conflicted with plaintiff's hearing testimony. Id. at 7-9.

In her objection, plaintiff's sole allegation of error is related to the ALJ's credibility determination. Dkt. # 23, at 1. Plaintiff asserts that the ALJ's credibility analysis was legally erroneous and not based on substantial evidence. Id. Specifically, plaintiff alleges that the ALJ failed to provide any explanation for his credibility finding and that the magistrate judge incorrectly concluded that, because technical perfection in an ALJ's decision is not required, the ALJ satisfied the legal standard with his general discussion of objective medical evidence. Id. at 3. Defendant asserts that the ALJ sufficiently linked his credibility determination to the objective medical evidence, and asserts that plaintiff impermissibly seeks a "formalistic factor-by-factor recitation of the evidence" to support the ALJ's credibility determination. Dkt. # 24, at 1.

Credibility determinations are peculiarly the province of the finder of fact," and such determinations are not to be upset "when supported by substantial evidence." Diaz v. Sec'y of Health and Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). Nonetheless, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence." Hutson v. Bowen,

838 F.2d 1125, 1133 (10th Cir. 1988). Factors an ALJ may weigh in determining a claimant's credibility include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Hutson, 838 F.2d at 1132. An ALJ must look beyond objective medical evidence in evaluating claims of disabling pain. Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987). An ALJ must give specific reasons for his findings and such findings must be closely linked to substantial evidence. Kepler v. Chater, 68 F.3d 387, 390 (10th Cir. 1995). However, an ALJ does not need to provide a "formalistic factor-by-factor review of the evidence"; an ALJ needs only to "set[] forth the specific evidence he relies on in evaluating the claimant's credibility." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Common sense should guide the review of an ALJ's credibility determination and technical perfection is not required. Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166-67 (10th Cir. 2012).

The ALJ's credibility determination is supported by substantial evidence. In reaching his conclusion that plaintiff was not entirely credible as it related to her claims of disabling pain, the ALJ discussed specific objective medical evidence that contradicted plaintiff's claims regarding the severity of her symptoms. The ALJ devoted nearly five pages of his decision to summarizing this objective medical evidence, and provided a comprehensive review of the medical evidence from plaintiff's treating physicians. Dkt. # 14-2, at 15-20. Specifically, the ALJ recounted the medical evidence related to the treatment of plaintiff's heart condition and musculoskeletal issues and detailed various conclusions from plaintiff's treating physicians regarding the pain and limitations

plaintiff experienced. Id. The ALJ also explained that he gave the evidence from treating physicians substantial weight, and noted the consistency between this evidence and the ALJ's formulation of plaintiff's RFC. Id. at 19. The ALJ's conclusion regarding plaintiff's credibility is closely and affirmatively linked to substantial evidence, demonstrated by his detailed discussion of the objective medical evidence before his conclusion that plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were not entirely credible. Id.

To the extent that plaintiff asserts that a reviewing court would be unable to follow the ALJ's reasoning regarding his credibility determination, this assertion is simply unsupported by the record. The ALJ clearly explained the objective medical evidence, discussed the findings and conclusions of plaintiff's treating physicians, and discussed why the objective medical supported his conclusions regarding the disabling nature of and limitations imposed by plaintiff's impairments. This clear discussion of the credibility determination easily allows the Court to "follow the adjudicator's reasoning" and "determine that correct legal standards have been applied." See Keyes-Zachary, 695 F.3d at 1166. The ALJ thus committed no error in his credibility assessment of plaintiff.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 22) is **accepted**. The Commissioner's decision to deny plaintiff's claim for disability benefits is **affirmed**. A separate judgment is entered herewith.

**DATED** this 21st day of June, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE